F I L E D
United States Court of Appeals
Tenth Circuit

FEB 7 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL JACKSON,

       Petitioner-Appellant,

v.

DAVID R. MCKUNE, ATTORNEY
GENERAL OF KANSAS,

       Respondents-Appellees.

No. 04-3177
(D.C. No. 02-CV-3438-MLB)
(D. Kan.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **SEYMOUR** , **LUCERO** , and **O'BRIEN** , Circuit Judges.

Carl Jackson, a state prisoner proceeding pro se*,* requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition. For substantially the same reasons set forth by the district court in its Order of April 30, 2004, we **DENY** Jackson's request for a COA and **DISMISS**.

Following a jury trial, Jackson was convicted of aggravated sexual battery in Kansas state courts and sentenced to 272 months incarceration. During state appellate proceedings, the Kansas Court of Appeals ("KCA") affirmed his conviction and the Kansas Supreme Court denied review. Jackson then brought a state habeas petition under Kan. Stat. Ann. § 60-1507 alleging ineffective

assistance of appellate counsel in his direct appeal.  The state district court denied relief, the KCA affirmed, and the Kansas Supreme Court again denied review.

On December 23, 2002, Jackson filed the instant petition in federal district court pursuant to § 2254,[1] raising five claims: (1) ineffective assistance of appellate counsel; (2) insufficient evidence to support his conviction beyond a reasonable doubt; (3) error in admitting certain prior crimes evidence; (4) prosecutorial misconduct; and (5) error in granting an upward departure in sentencing.  Although Jackson states in his application for a certificate of appealability that "[t]he district court held that two of the claims were procedurally barred/defaulted and that the other three claims failed on the merits . . . [and that he] disputes such decisions and hereby seeks a certificate of

---

[1] Jackson's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Jackson to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)  (quotations omitted).  Because the district court denied Jackson a COA, he may not appeal the district court's decision absent a grant of COA by this court.

appealability," he specifically disclaims any challenge to the district court's determination on the two issues which were held to be procedurally defaulted. Further, Jackson, in his brief and application, addresses only the issues considered by the district court on the merits. Thus, we will consider only the ineffective assistance of appellate counsel, insufficient evidence, and prosecutorial misconduct claims.

Under AEDPA, if a claim is adjudicated on the merits in state court, we will grant habeas relief only if that adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). After careful review of Jackson's application, the district court's order denying relief, and the material portions of the record on appeal, we conclude that Jackson's claims are without merit. Accordingly, Jackson has failed to make "a substantial showing of the denial of a constitutional right." § 2253(c)(2).

In response to Jackson's allegations of ineffective assistance of appellate counsel, insufficiency of the evidence, and prosecutorial misconduct, the district court determined that the KCA decisions on these claims were neither unreasonable determinations of facts nor unreasonable applications of the

standards for determining ineffective assistance, sufficiency of the evidence, or prosecutorial misconduct and denied habeas relief on these bases. We agree.

The KCA evaluated Jackson's claims of ineffective assistance of appellate counsel in not contesting the admission of the prior crimes evidence as hearsay, in addition to the claim presented on direct appeal which contested the propriety of its admission under Kan. Stat. Ann. § 60-455. Under the ineffective assistance standard announced in Strickland v. Washington, 466 U.S. 668 (1984), the KCA found that Jackson had failed to establish both objective unreasonableness and prejudice, specifically determining that it was not unreasonable for his counsel to raise only the best legal arguments on appeal, and that the admission of the hearsay portions of the prior crimes evidence was harmless. Such a determination is not an unreasonable application of Strickland to the facts.

As to Jackson's insufficiency of the evidence claim, Jackson was convicted of aggravated sexual battery under Kan. Stat. Ann. § 21-3518 which provides, in relevant part, that "[a]ggravated sexual battery is the intentional touching of the person of another who is 16 or more years of age and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender . . . [w]hen the victim is overcome by force or fear." Jackson stipulated to every element of the offense except that the victim was overcome by force or fear. As outlined by the district court, the KCA evaluated Jackson's claim that because

there was conflicting evidence on whether the sixteen-year-old victim consented, that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  See Jackson v. Virginia, 443 U.S. 307, 324 (1979) (emphasis added). Under AEDPA, the district court evaluated whether the KCA reasonably applied the Jackson standard to the facts of this case.  We agree with both the KCA and district court that a rational trier of fact – on the basis of the undisputed facts of age and size differences between Jackson and the 16-year old 86-pound victim, the victim's testimony that he feared Jackson would hurt him or his mother, sleeping in the next room, and his testimony that Jackson had mumbled threatening remarks prior to molesting him – could have found Jackson guilty of aggravated sexual battery beyond a reasonable doubt.

Finally, Jackson contends that prosecutorial comments likening him to a "wild animal" preying on victims "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  We conclude that the KCA's opinion that these comments did not have a substantial effect on the outcome of the trial, when viewed in light of the trial court's sustaining the defense objection to the "wild animal" comment coupled with an immediate curative instruction, is reasonable under Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (holding that where no specific Bill of Rights guarantees are implicated, prosecutorial misconduct must have so infected the trial with unfairness as to make the

resulting conviction a denial of due process). Also reasonable was the KCA's determination that the "preying" comments were a fair comment on the evidence.

Because we determine that the KCA's resolution of these three issues was a reasonable application of clearly established Federal law, based on a reasonable determination of the facts in light of the evidence presented in the State court proceeding, Jackson's application for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge